The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



John P. Gustafson
United States Bankruptcy Judge

**Dated: May 4 2023**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 23-30189 |
| | ) | |
| Jared LeRoy Seibert, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE JOHN P. GUSTAFSON |

### ORDER FOR SHOW CAUSE HEARING ON STRIKING DOCUMENT

This case is before the court on a document that purports to be a Reaffirmation Agreement between Debtor Jared LeRoy Seibert and Creditor ONEMAIN FINANCIAL GROUP, LLC ("Reaffirmation Agreement") [Doc. #16] pertaining to a debt secured by a "2015 Dodge Ram vin#1C6RR7LT8FS76591." A document so titled was filed by Creditor on March 22, 2023.

The Reaffirmation Agreement does not appear to include the Debtor's handwritten signature. "The practices and procedures governing electronic filing in this district are set forth in the court's Electronic Case Filing (ECF) Administrative Procedures Manual ('Manual'), which is incorporated in by reference in Local Rule 5005-4 and also readily available through a separate link on the court's website under the Electronic Case Filing tab." *In re Collum*, 2012 WL 2921491 at *5, 2012 Bankr. LEXIS 3279 at *17–18 (Bankr. N.D. Ohio July 17, 2012)(Whipple, J.); *see also, Ott v. Somogye* (*In re Somogye*), 2020 WL 4810805 at *5, 2020 Bankr. LEXIS 1972 at *14 (Bankr. N.D. Ohio July 28, 2020)(Whipple, J.). "The Manual, versions of which have been in

effect since 2002, requires attorneys to file all documents with the court electronically, with certain stated exceptions . . . ." *In re Collum*, 2012 WL 2921491 at *5, 2012 Bankr. LEXIS 3279 at *18.

One exception under the Manual applies here:

> **Signatures on Reaffirmation Agreements.** The debtor's handwritten signature is required on a reaffirmation agreement or a proposed reaffirmation agreement, even if the signature declaration form (Declaration re: Electronic Filing of Documents and Statement of Social Security Number) has been signed by the debtor and submitted to the Court. After the debtor's handwritten signature has been affixed to a reaffirmation agreement or a proposed reaffirmation agreement, the agreement shall be scanned and filed.

Manual, Section II.B.3 at p. 6.

For example, in **"PART III: CERTIFICATION BY DEBTOR(S) AND SIGNATURES OF PARTIES**," a handwritten signature does not appear to have been affixed. [Doc. #16]. As such, the court will set the document for hearing to show cause why it should not be stricken from the court record.

**IT IS THEREFORE ORDERED** that the document titled Reaffirmation Agreement between Debtor Jared LeRoy Seibert and Creditor ONEMAIN FINANCIAL GROUP, LLC [Doc. #16] is hereby set for a telephonic hearing before the undersigned on **May 19, 2023, at 3:30 p.m. This proceeding will be conducted by telephone conference line unless the parties are notified to the contrary by court staff and an amended hearing order is issued by the court. Parties must contact chambers (419-213-5631) or the courtroom deputy (419-213-5607) to arrange for audio/telephonic appearance no less than 24 hours prior to the scheduled hearing.**

###